

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2008

# Toussaint v. Good

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4638

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Toussaint v. Good" (2008). *2008 Decisions*. Paper 1282.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1282

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4638

PATRICK TOUSSAINT,
                    Appellant

v.

DAVID GOOD; JEFFREY A. BEARD, Ph.D;
MARLINE STEWART; NORA HRUBOCHAK;
LT. PIROZZOLA,; SGT. GREEN;
SGT. MATTHEWS; SGT. VITALE

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 05-cv-0443
(Honorable Kim R. Gibson)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2008

Before:  SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

(Filed:  May 1, 2008)

OPINION OF THE COURT

PER CURIAM.

Patrick Toussaint appeals from the order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the defendants. We will affirm in part, vacate in part, and remand the matter for further proceedings.

The parties are well-acquainted with the history of this case, so we will recount the background only as relevant to this appeal. Toussaint is currently incarcerated at the State Correctional Institution at Cresson, Pennsylvania. In 2005, he filed a civil rights action against several prison officials and employees. He raised the following claims, as summarized by the Magistrate Judge: (1) the defendants have injured his right of access to the courts; (2) the defendants are torturing him by forcing him to share a cell with inmates with whom he was not on good terms and by whom he felt threatened, with housing in the Restrictive Housing Unit ("RHU") under protective custody being the only alternative offered; and (3) the defendants have retaliated against him for filing grievances.[1] As relief, Toussaint sought a transfer to another institution, as well as damages for mental anguish and for destroyed property.

---

[1] Toussaint's complaint includes many other explanatory allegations, including that defendant Pirozzola took his legal materials and interfered with his ability to pursue his court cases, and confiscated and damaged some of his personal property; (2) defendants Matthews, Green, and Vitale refused his requests to change cells when he felt threatened by a cellmate, moved him to another cell and showed favoritism to other inmates, and issued false misconducts when he refused to obey orders; (3) defendant Hrubochak did not respond to his requests regarding the cell situation; and (4) defendants Good and Stewart unlawfully denied or ignored his grievances and failed to intervene on his behalf.

2

The defendants filed a motion to dismiss the complaint. The Magistrate Judge advised the parties that the motion would be treated as a motion for summary judgment and ordered Toussaint to respond to the defendants' motion, submitting all evidence relevant to his claims in doing so. Toussaint filed his response. The Magistrate Judge issued a report and recommendation that summary judgment be entered in favor of all defendants. Toussaint filed objections. The District Court adopted the report and recommendation, granted the motion for summary judgment, and entered judgment in the defendants' favor. Toussaint appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of a genuine issue for trial. Specifically, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio

3

Corp., 475 U.S. 574 (1986)). We will view the facts in the light most favorable to the nonmoving party and we will draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

As to Toussaint's First Amendment claim regarding the denial of access to the courts, we agree with the Magistrate Judge's determination that Toussaint alleged no actual injury under Lewis v. Casey, 518 U.S. 343, 355 (1996). We note that Toussaint clarified in his objections to the report and recommendation that he was impeded in filing a motion for bail pending appeal in this Court. Yet Toussaint still alleged no specific facts regarding this alleged harm; he provided no case numbers, dates of attempted filing, or details describing how his litigation was affected. Next, concerning Toussaint's claims against the defendants premised on his cell assignments and denials of grievances related thereto, 42 U.S.C. § 1997e(e) precludes damages relief for mental injury without a prior showing of physical injury. We add that, to the extent that he sought other relief, inmates have no constitutional right to be housed in a cell of their choosing. See Sheehan v. Beyer, 51 F.3d 1170, 1174 (3d Cir. 1995).

We further add that, to the extent that Toussaint's claim is based on "false" misconducts that resulted in sixty- and ninety-day stays in the RHU, such stays do not constitute an "atypical and significant hardship" to trigger due process protections. See Sandin v. Conner, 515 U.S. 472, 484 (1995). In addition, to the extent that Toussaint's claims against defendants Hrubochak, Good, Beard, and Stewart are based on a

4

respondeat superior liability theory and do not allege any specific personal involvement by those defendants in the alleged constitutional deprivations, they would fail. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, to the extent that Toussaint intended to raise claims concerning intentional destruction of his personal property, we conclude that Toussaint stated no due process claim. Even an intentional deprivation of property in the prison setting is not a due process violation if the prison provides an adequate post-deprivation remedy, see Hudson v. Palmer, 468 U.S. 517, 532-33 (1984), such as Pennsylvania's inmate grievance procedure, see Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). From the record, it appears that there were no genuine issues for trial on these claims.

However, we disagree with the Magistrate Judge's analysis of Toussaint's retaliation claim. In resolving the claim in the defendants' favor, the Magistrate Judge noted that he looked for evidence sufficient to create a genuine issue of fact as to the elements of a retaliation claim and concluded that Toussaint failed to show a causal connection between his grievance filings and the sanctions imposed on him. (Report and Recommendation at 4-5, citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).) It is true that Toussaint made no attempt to support his retaliation claim by affidavit or otherwise under Rule 56(e) in opposing the motion for summary judgment. However, upon review of the defendants' brief in support of its motion, it does not appear that the defendants ever argued that they were entitled to judgment on Toussaint's retaliation

5

claim. On this record, it is unclear why the Magistrate Judge credited the defendants with meeting the summary judgment standard on a claim against which they did not specifically defend, and regarding which Toussaint might not have been on notice to argue.[2] We thus vacate the District Court's judgment on the retaliation claim.

For the foregoing reasons, we will affirm the judgment of the District Court in part, vacate in part, and remand for further proceedings.[3]

---

[2] Toussaint does appear to have preserved this claim in his response to the defendants' motion (in which he alleged that defendant Matthews placed him to the RHU because he had filed grievances against Matthews's work colleagues) as well as in his objections to the Magistrate Judge's report and recommendation (in which he alleged generally that the defendants retaliated against him in response to grievances filed).

[3] We note that Toussaint's reply brief contains a request for an injunction "to overrule all of the Attorney General's cross appeal brief . . ." (emphasis omitted). To the extent that Toussaint seeks to have the appellees' brief stricken, we deny this request.