**Patrick TOUSSAINT, Appellant**

v.

**David GOOD; Jeffrey Beard, Ph.D.; Marlene Stewart; Nora Hrubochak; Lt. Pirozzola; Sgt. Green; Sgt. Matthews; Sgt. Vitale.**

No. 08–3751.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 June 25, 2009.

Opinion filed: July 6, 2009.

---

Patrick Toussaint, Cresson, PA, pro se.

Mariah Passarelli, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for David Good.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Patrick Toussaint filed, *pro se,* an action under 42 U.S.C. § 1983, alleging violations of his civil rights by several prison officials and employees of the Department of Corrections. For the reasons that follow, we will summarily affirm.

## I. Background

Toussaint, a prisoner incarcerated at the State Correctional Institution at Cresson, filed a complaint on December 20, 2005, in the Western District Court of Pennsylvania. In his original complaint he alleged that Defendants: (1) denied him access to the courts; (2) tortured him by forcing him to share a cell with inmates with whom he was not on good terms and by whom he felt threatened; and (3) retaliated against him for filing grievances. Defendants filed a motion to dismiss, which the District Court treated as a motion for summary judgment and granted.

Toussaint appealed, and we vacated in part and remanded for further proceedings. Although we agreed with the District Court's analysis on Toussaint's access-to-courts and torture claims, we held that the District Court should not have granted summary judgment on the retaliation claim because the Defendants had not sought judgment as to that claim. On remand, the parties were ordered to file cross-motions for summary judgment solely on the retaliation claim. Defendants filed a motion for summary judgment. Toussaint did not file any opposition. The Magistrate Judge recommended granting

the motion in favor of the Defendants. *See* Fed.R.Civ.P. 56(e)(2). The District Court adopted the Magistrate's Judge's report. Toussaint timely appealed.

## II. Analysis

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 (3d Cir.2001). Entry of summary judgment is appropriate when the pleadings, discovery materials and affidavits show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When a moving party demonstrates the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and point to "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If that does not happen, the moving party is entitled to a judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. Under Fed.R.Civ.P. 56(b) a defending party "may move [for summary judgment] at any time ... on all or part of the claim".

■ Toussaint claims that we should grant him relief because defense counsel failed to properly argue the retaliation claim when the case was first in the District Court and therefore somehow waived the right to defend the claim. In our prior opinion, however, we specifically remanded for further proceedings as to this claim. *Toussaint v. Good*, 276 Fed.Appx. 122, 124–25 (3d Cir.2008). On remand, the District Court ordered the parties to file cross-motions for summary judgment. In doing so, the District Court acted appropriately, and consistently with our mandate, to resolve Toussaint's retaliation claim. We previously held that "the Magistrate Judge credited the defendants with meeting the summary judgment standard on a claim against which they did not specifically defend, and regarding which Toussaint might not have been on notice to argue." *Toussaint v. Good*, 276 Fed.Appx. at 125. By ordering parties to file cross-motions, the District Court was giving both parties an opportunity to argue the merits of the retaliation claim.

Toussaint alleged that the Defendants retaliated against him by issuing false disciplinary reports for which he was sanctioned, in response to his use of the inmate grievance system. To prevail on a claim for retaliation by prison officials, a plaintiff must show that: (1) he engaged in constitutionally protected conduct; (2) he suffered some "adverse action" by prison officials; and (3) his exercise of a constitutional right was a substantial or motivating factor in the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir.2001). "[P]rison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

■ Toussaint alleged that correctional officers issued misconduct reports in retaliation for grievances he filed about his housing situation. In seeking summary judgment, Defendants provided evidence of three misconducts against Toussaint: on August 22, 2005, October 16, 2005, and November 14, 2005. In addition, they provided copies of two grievances filed by Toussaint: on August 22, 2005 and October 14, 2005.

Except possibly for the timing, Toussaint failed to proffer evidence that his filing of a grievance was a "substantial or

motivating factor" in any of the three decisions to issue him a misconduct.[1] Even assuming that Toussaint's evidence established a genuine issue as to that, Defendants proffered evidence that they would have issued the misconduct reports anyway, for legitimate, penological reasons. Indeed, Defendants' evidence—including the misconduct reports, written statements by Toussaint, and his grievances—established that Toussaint was issued citations as a response to his own affirmative and outrageous behavior. The August 22, 2005, citation came after Toussaint, despite signing an agreement to do so, repeatedly refused to move from one cell to another (at a time when a significant number of prisoners were out of their cells). The October 16, 2005, misconduct occurred after Toussaint (a) went to a correctional officer's office and announced that he would not go back to his cell and (b) returned to his cell and began removing his property from it. Finally, the November 14, 2005, citation was issued after Toussaint once again approached an officer to announce that he would not return to his cell.

Because Toussaint pointed to nothing undermining the Defendants' evidence, *see* Fed.R.Civ.P. 56(e), he failed to establish a genuine issue as to whether the Defendants would have issued the misconduct reports regardless of his filing of grievances. *See Rauser*, 241 F.3d at 334. Accordingly, we must, and will, affirm the judgment of the District Court.

---

1. Defendants point out that the substance of the grievance filed on August 22, 2005, reveals that it must have been filed *after* the misconduct report of the same date. Therefore, the August misconduct report could not have been retaliatory as to the first of Toussaint's grievances.